# IN THE COURT OF APPEALS OF IOWA

No. 17-1305
Filed July 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERVIN WILSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Christopher C. Foy,

Judge.


        Defendant challenges his conviction for burglary in the third degree and

domestic abuse assault.  **AFFIRMED.**


        John J. Sullivan of Sullivan Law Office, Oelwein, for appellant.

        Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Ervin Wilson pleaded guilty to burglary in the third degree, in violation of Iowa Code section 713.1 and 713.6A (2017), and domestic abuse assault, second offense, in violation of Iowa Code section 708.1 and 708.2A(3). On appeal, Wilson contends his plea counsel provided constitutionally deficient representation in failing to file a motion in arrest of judgment because the guilty pleas lacked a factual basis. Specifically, Wilson argues the plea record does not establish the following: (1) his entry into his neighbor's apartment for the purpose of assaulting his girlfriend was without the right, license, or privilege to enter; and (2) an assault occurred because Wilson admitted only to grabbing his girlfriend "aggressively" by her shirt.

Upon our de novo review, we conclude the record as a whole supports a factual basis for each element of the offenses. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010) (stating standard of review is de novo for claims of ineffective assistance of counsel in allowing the defendant to plead guilty in the absence of a factual basis and setting forth the elements of the claim); *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (explaining the elements of domestic abuse assault); *State v. King*, No. 17-0063, 2018 WL 1865107, at *6 (Iowa Ct. App. Apr. 18, 2018) (setting forth case law on burglary and exceeding the scope of resident permission). While the minutes of testimony reflect that Wilson had permission to be in his neighbor's home "sometimes," during the plea colloquy Wilson admitted he did not have permission to enter the home on the date in question. The minutes establish Wilson either "pushed through" or "kicked in" the door to the neighbor's home with the intent "to physically remove" his girlfriend "whether she wanted to

go or not." The record also reflects Wilson damaged the door upon breaking it open. Similarly, the record supports a factual basis for the domestic-abuse-assault conviction. The minutes reflect a witness account that Wilson "grabbed [his girlfriend] by the hair and drug her out" of the apartment. Wilson also admitted to grabbing his girlfriend "by the shirt aggressively" and that he acted with the understanding and intent that she would find such contact insulting or offensive.

Defense counsel was not ineffective for failing to raise a meritless issue. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013). We affirm both convictions.

**AFFIRMED.**